UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABEL KESETE, | CASE NO. C26-0676-KKE |
| Petitioner(s), | ORDER DENYING TRO |
| v. | |
| PAMELA BONDI, et al., | |
| Respondent(s). | |

Along with Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, he filed a motion for temporary restraining order ("TRO"). Dkt. Nos. 1, 2. Petitioner's TRO motion requests that the Court enjoin the Government from transferring or removing him while his petition is pending. Dkt. No. 2.[1] The Court subsequently issued a scheduling order, requiring (among other things) that the Government provide notice to Petitioner and any counsel of any intent to transfer Petitioner from this judicial district or remove him from the United States while the petition is pending. Dkt. No. 5.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities

---

[1] As the Court previously explained, the TRO motion also requested a briefing schedule on the petition that is similar to the one entered. Dkt. Nos. 2, 5. The Court denied that portion of the TRO motion as moot. *See* Dkt. No. 8.

ORDER DENYING TRO - 1

tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Government opposes Petitioner's TRO motion on the grounds that any removal of Petitioner is not imminent, and argues that because the Government must comply with the Court's scheduling order, Petitioner will receive adequate notice if there becomes an imminent likelihood of removal. Dkt. No. 12.

The Court finds that Petitioner has not shown that he is entitled to the extraordinary relief requested because the Court's scheduling order provides adequate protection against imminent harm in the form of transfer or removal while his petition is pending. Accordingly, the Court DENIES Petitioner's motion and will proceed to consider the merits of the petition in due course. Dkt. No. 2.

Dated this 2nd day of March, 2026.

Kymberly K. Evanson
United States District Judge